CHAPMAN *v.* CHASE NAT. BANK.

(Division B.   April 12, 1937.   Suggestion of Error Overruled April
26, 1937.)

[173 So. 455.   No. 32627.]

Johnson & Allen, C. C. Moody and Everett & Forman,
all of Indianola, and Green, Green & Jackson, of Jackson,
for appellant.

402

**Cooper & Thomas**, of Indianola, for appellee.

Argued orally by **Forrest B. Jackson**, for appellant, and by **Forrest G. Cooper**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

This case was before us at the March, 1935, term, and the judgment was reversed and the cause remanded be-

cause we were of the opinion that the peremptory charge should not have been given. See Chase National Bank v. Chapman, 173 Miss. 333, 160 So. 286. Upon remand the case was submitted to a jury, and their verdict was in favor of the bank.

On the second trial, the original transcript of the proof was, by agreement, read to the jury, and the only additional evidence offered was in behalf of appellant, which showed that for the year 1917 the wife leased the plantation property to her husband for a fixed rental, and that for the year 1921 she again leased the property to him for a stipulated rental. Both these leases were recorded, and each was for the particular single year above mentioned. The wife, appellee, testified, however, that her husband held over from year to year under these leases, and, that at the time of the making of the debt sued on here, he was, in fact, her hold-over tenant.

The court excluded this testimony, and we think properly so. In view of the clear and peremptory language of section 1943, Code 1930, dealing with the use of the wife's plantation and plantation implements by the husband, and having in view also the well-known purposes of that statute, we must hold that in order that the relation of landlord and tenant may exist between husband and wife for any year or years in issue as respects the character of property mentioned in that statute, there must be a lease contract of record for that specific year or years, and that the doctrine of implied tenancy by holding over cannot be availed of as between husband and wife, so far as the rights of third parties are concerned. To adjudge otherwise would strip the statute of about all its force and effect, so far as any practicable advantage which its existence in the Code would serve.

There are no reversible errors in the instructions.

Affirmed.